UNITED STATES OF AMERICA
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

UNITED STATES

V.   CASE NO.: 2:17CR126

DARYL G. BANK

### DEFENDANT BANK'S FIRST MOTION IN LIMINE
### (VICTIM IMPACT EVIDENCE)

COMES NOW the Defendant, Daryl G. Bank, by and through his undersigned counsel, and hereby respectfully requests the Court to enter an order excluding from the Defendant's trial any evidence or testimony of alleged victim witnesses, and/or argument, concerning any collateral losses to alleged victims, any emotional issues or hardships resulting from collateral consequences or financial losses, any argument that the alleged victims were particularly vulnerable, any cumulative financial losses of all victims, and any other argument regarding financial loss or difficulty other than the actual expenses incurred in the investments in which the victims engaged, and in support thereof, states as follows:

### MOTION

1. The Indictment alleges Mr. Bank, through his businesses, along with others working with him, solicited unsophisticated, elderly investors to invest their retirement, life savings, and other funds into worthless securities for the benefit of Mr. Bank.

2. This motion does not seek to prevent any such testimony regarding any fees or expenses paid by any investor in order to secure the alleged securities or ownership in a fund. However, once such testimony is provided, any additional evidence the government may wish to

offer to prove the impact of the crime on the alleged victim's life would be irrelevant, prejudicial, and impermissible. Such evidence and argument may take the form of victim impact testimony, hardships suffered by victims, or arguments that victims were vulnerable or had otherwise suffered.

3.      It is anticipated the government may also seek to have the victims testify regarding collateral events that may have occurred to them, such as losing their houses, retirements and/or enduring other hardships, collateral to the investments. Further, it is anticipated that the government may allege the victims were particularly vulnerable and that they suffered losses, financial and emotional, in excess of any amount lost in the initial investments. Were the jury to hear evidence and or testimony about the alleged effect of the victim's loss, the jury will likely be moved to decide guilt or innocense based on passion, instead of the law and evidence in the case.

4.      Thus, it would be highly prejudicial to Mr. Bank were any evidence or testimony introduced relating to any such collateral effects. There exists a potential such testimony would be augmented by evidence or argument as to the cumulative amount of victim losses, as well as any victim impact testimony during the trial. Such evidence is highly prejudicial and irrelevant to the factual determinations to be made by the jury during the guilt phase of this cause.

5.      Therefore, Mr. Bank respectfully requests the Court exclude any such evidence or testimony from being introduced at trial, and/or argument thereon.

## MEMORANDUM OF LAW

The Federal Rules of Evidence bar testimony if it is not "of consequence to the determination of the action," Fed. R. Evid. 401. Additionally, Federal Rule of Evidence 403 provides as follows:

> Although relevant, evidence may be excluded if its probative value is substantial outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

The government may otherwise be permitted to introduce evidence the investors made payments to defendant's companies, as requested of them, as well as evidence as to the value of those investments today. However, the personal, emotional, or financial impact of those investments, or the amounts of any actual collateral losses is irrelevant.

With regard to the mail fraud counts, the elements of the crime of mail fraud are: (1) a scheme or artifice to defraud; (2) participation by the defendant with specific intent to defraud; and (3) use of the mail in furtherance of the scheme. 18 U.S.C. § 1341. The wire fraud counts require similar proof. 18 U.S.C. § 1343. "Proof of actual loss by the intended victim is not necessary." *United States v. Copple,* 24 F.3d 535, 544 (3d Cir. 1994) *citing United States v. Kelley,* 929 F.2d 582, 585 (10th Cir. 1990), *cert. denied,* 502 U.S. 926 (1991); *United States v. King,* 860 F.2d 54, 55 (2d Cir.1988), *cert. denied,* 490 U.S. 1065 (1989). Because an actual proof of loss is not required, the government should not be permitted to elicit testimony and argument regarding the amount of losses. The only purpose of such evidence would be to inflame the passions of the jury, rather than meeting the elements of the offense.

Such evidence of an actual loss by an alleged victim, does not tend to prove or disprove a material fact, and is therefore inadmissible, pursuant to Fed. R. Evid. 401, and its lack of probative value cannot overcome its prejudicial nature, as required by Fed. R. Evid. 403.

As a rule, courts do not allow victim-impact testimony, as it is highly prejudicial. For instance, in *Copple,* the Third Circuit Court of Appeals, while decrying the use of such evidence and testimony, stated that its purpose is "to generate feelings of sympathy for [victims] and outrage toward [defendant] for reasons not relevant to the charges faced." *Copple,* 24 F.3d at 546.

Given the number of alleged victims, coupled with the allegation that the investors were facing bankruptcy, there is ample potential that the hardships suffered by the alleged victims could improperly become the prominent feature of the trial. However, such hardships and the subsequent impacts of the victim's losses, are wholly irrelevant to determine the guilt or innocence of Mr. Bank.

The Due Process Clause of the Fifth Amendment is violated by the introduction of "victim impact evidence ... that is so unduly prejudicial that it renders the trial fundamentally unfair." *Payne v. Tennessee,* 501 U.S. 808, 825 (1991). Victim impact evidence is not permitted, as a rule, in the guilt phase of a trial, and has a limited role in the sentencing, where appropriate. See also *George v. Angelone,* 100 F.3d 353, 359 (4th Cir. 1996) (determining that "[f]acts relevant only to the impact of the crimes on its victims and their relatives in no way assist in determining either the guilt or the innocence of the accused") (internal quotation marks and citation omitted). Permitting such victim-impact evidence in argument by the government is likewise prejudicial and impermissible. "[V]ictim-impact evidence is irrelevant to guilt, and facts which cannot be proved, because irrelevant, can afford no proper basis for argument." *Id., citing Dingus v. Commonwealth,* 153 Va. 846, 149 S.E. 414, 415 (1929); *Parsons v. Commonwealth,* 138 Va. 764, 121 S.E. 68, 73-74 (1924).

The Fourth Circuit Court of Appeals has determined that "limited victim background evidence may be admitted — indeed, may have to be admitted — at the guilt phase of trial." *Bennett v. Angelone,* 92 F.3d 1336, 1348 (4th Cir. 1996). However, this evidence is only admissible to the extent that it proves a material element of the offense. The Fourth Circuit has never held or otherwise permitted the government to introduce evidence or otherwise argue regarding the impact of a crime on the alleged victim. Such evidence has only been admissible as background information to explain how a transaction occurred or to demonstrate that the victims were not, in fact, co-conspirators or otherwise complicit in the fraud. See e.g. *United States v. Cloud,* 680 F.3d

396, 401-02 (4th Cir. 2012) (allowing victim impact testimony when the defense argued that the victims were not actual victims, but guilty of fraud themselves). Absent such argument from Mr. Bank's defense (which counsel assures the Court will not be presented), any collateral or other victim impact testimony would be irrelevant and highly prejudicial.

It would unduly prejudice Mr. Bank if the alleged victims were permitted to testify as to any inflammatory collateral damages that purportedly befell them, as such testimony would clearly outweigh the probative value of such detailed evidence. Furthermore, any argument from the government that the alleged victims were particularly vulnerable or had suffered peculiar hardship can only serve the purpose of inflaming the passions of the jury.

Accordingly, Mr. Bank respectfully requests the Court to enter an order excluding the admission of any such evidence, testimony, and argument.

WHEREFORE, Mr. Bank respectfully requests the Court to grant this Motion in Limine.

Respectfully submitted,

DARYL G. BANK
By Counsel

_____/s/_____
James O. Broccoletti, Esquire
VSB# 17869
Counsel for DARYL G. BANK
ZOBY, BROCCOLETTI & NORMILE, P.C.
6663 Stoney Point South
Norfolk, VA 23502
(757) 466-0750
(757) 466-5026
james@zobybroccoletti.com

_____/s/_____
Jason Wander, Esquire
100 N. Biscayne Blvd.
Suite 1607
Miami, Florida 33132
Jason@wanderlaw.com
(305) 868-1655
(305) 503-7480 Fax

CERTIFICATE OF SERVICE

    I hereby certify that on the _____ day of January, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Melissa O'Boyle, Esquire
United States Attorney's Office
101 W Main Street, STE 8000
Norfolk, VA 23510
757-441-6331

                                             _____/s/_____
                                         James O. Broccoletti, Esquire
                                         VSB# 17869
                                         Counsel for DARYL G. BANK
                                         ZOBY, BROCCOLETTI & NORMILE, P.C.
                                         6663 Stoney Point South
                                         Norfolk, VA 23502
                                         (757) 466-0750
                                         (757) 466-5026
                                         james@zobybroccoletti.com


                                             _____/s/_____
                                         Jason Wander, Esquire
                                         100 N. Biscayne Blvd.
                                         Suite 1607
                                         Miami, Florida 33132
                                         Jason@wanderlaw.com
                                         (305) 868-1655
                                         (305) 503-7480 Fax