

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**UNITED STATES OF AMERICA,**

v.                                          Criminal No. 2:17cr126

**Daryl G. Bank,**

        Defendant.

<u>OPINION AND ORDER</u>

This matter is before the Court on Defendant Daryl G. Bank's ("Bank" or "Defendant") Motion to Modify Bond to Permit Sale of Family Home, ECF No. 55, and Motion for Reconsideration, ECF No. 54. For the reasons noted below, Bank's Motion for Reconsideration is **DENIED**, ECF No. 54, and his Motion to Modify Bond to Permit the Sale of Family Home is **DISMISSED** for lack of subject matter jurisdiction, ECF No. 55.

**I. Background**

On August 23, 2017, Defendant was charged along with one co-defendant with the following counts: conspiracy to commit mail and wire fraud, in violation 18 U.S.C. § 1349 (Count 1); mail fraud, in violation of 18 U.S.C. § 1341 (Counts 2-4); wire fraud, in violation of 18 U.S.C. § 1343 (Counts 5-11); and unlawful monetary transactions, in violation of 18 U.S.C. § 1957 (Counts 12-14). ECF No. 4. These charges arise from

1

allegations that Bank and others executed a scheme to defraud investors of millions of dollars over a period of five years. Id. According to the indictment, the scheme resulted in a loss to investors that exceeded $20 million. Id. at 22.

On August 24, 2017, federal authorities arrested Bank in Florida. Gov.'s Opp'n Mot. Amend. Cond. Release 2, ECF No. 37. Defendant's initial appearance occurred on August 25, 2017, before United States Magistrate Judge Shaniek M. Maynard of the Southern District of Florida. United States v. Daryl G. Bank, 2:17mj89 (S.D. Fla.), ECF No. 4. At his initial appearance, Defendant was represented by his current counsel, Jason M. Wandner. See id. At the hearing, the Government moved for detention based on both a risk of flight and danger to the community. Defendant elected to have his detention hearing in the Southern District of Florida, and the Court scheduled the hearing for August 30, 2017. Id.

On August 30, 2017, Judge Maynard held an extensive detention hearing. See Det. Hr'g Tr., ECF No. 37-1. During argument at the hearing, Judge Maynard was particularly interested in whether Defendant had fully disclosed the extent of his assets to the Court's Pretrial Services Officer. Id. at 102. In response to questioning by the Court, the Government noted that Defendant had failed to disclose his interest in a North Carolina trailer park ("The McPherson Property"), as well

2

as a rental property in Port St. Lucie, Florida ("the Florida rental property") in which codefendant Raeann Gibson was apparently living prior to her arrest. Id. at 102-03. During defense counsel's argument, the Court explained its concern:

> The one issue that I am having is apparently when asked by Pretrial Services about his access [sic], he did not talk about the house that he owns that Ms. Gibson stayed in, he didn't talk about the house that he lays his head in at night, he didn't talk about potentially another property in the state and a partnership in a trailer park somewhere. I mean, he didn't tell Pretrial Services that.
>
> . . .
>
> But would you agree that if this Court were to set a bond, the Court would have to feel confident that when asked by Pretrial Services about whatever Pretrial Services needs to ask him about, he's not going to have to talk to his accountants and lawyers to be honest about what he has. I mean, part of what the Court has to look at is whether he's going to show up as he needs to, he's going to follow the conditions that we set, and whether he's not hiding something out there that can be used to flee. So I think candidness with the Pretrial Services office if this Court sets a bond is pretty important.

Id. at 109-110. The Court ultimately denied the Government's motion to detain Defendant and set a bond, citing Defendant's lack of criminal history and stable family history. Id. at 130-131. The Court also noted, "the more significant issues that the Court has with Mr. Bank involve his ability to follow court orders and to demonstrate that he respects the judicial process," and emphasized its concern about "the apparent lack of

3

candor in talking to Pretrial Services about his assets." Id. at 132-34. The Court set a bond consisting of a $300,000 personal surety bond, which was to be co-signed and collateralized, and a $250,000 corporate surety bond. Id. at 135-136. The Court also declined to allow Defendant to put his home up to collateralize the bond apparently because the Court found the Government's allegations that the home's mortgage had been paid with fraud proceeds to be credible. Id. at 137-38.

On December 17, 2017, Defendant filed the Motion for Amendment of Conditions of Release. ECF No. 35. In his motion, Defendant asked the Court to review Magistrate Judge Maynard's bond order and either permit him to use "real property which he owns in North Carolina as well as his residence in Florida as collateral for his bond," or lower the amount of the bond. Id. at 3 (emphasis added). Bank also noted that the McPherson property had an appraised value of "over $1,000,000.00" and that his Florida residence had equity of approximately $225,000. Id.

On January 18, 2018, this Court issued an opinion denying Defendant's motion. ECF No. 44. The Court noted that Defendant's lack of candor regarding the McPherson property undermined his suggestion that he should be able to use such property to satisfy his bond. Id. at 1-2. The Court further found that the Florida residence would not provide sufficient security to cover the bond. Id. at 2.

4

On February 20, 2018, Defendant filed the instant Motion to Reconsider. ECF No. 54. In his motion, Defendant asserts that the Florida rental property and the McPherson properties are both owned by limited liability companies ("LLCs"), and that, as a mere agent and shareholder of the LLCs, he does not have an ownership interest in either property. Id. at 2. He cites DeJesus v. A.M.J.R.K. Corp, Case No. 2D17-2374, 2018 Fla. WL 793441, *5 (Fla. Dist. Ct. App. 2018) to argue that Florida law recognizes that a shareholder of an LLC does not "possess any ownership interest in the assets of the LLC[.]" Id. at 2. Accordingly, Defendant claims that because he does not possess any ownership interest in the McPherson and Florida rental properties, his failure to disclose them cannot be held against him. Id. He asserts that, "[u]nder Florida law, his failure to make disclosures to the pre-trial officer was not evasive or incorrect," and he therefore requests that the Court reconsider its prior ruling. Id.

The Government filed its opposition to the Motion to Reconsider on March 6, 2018. ECF No. 56. Therein, the Government notes that Defendant had previously averred that he owned the McPherson and Florida rental properties when he offered them as collateral in his Motion for Amendment of Conditions of Release. See id. at 4. The Government also points out that the Supreme Court of Florida has held that "[a]n

5

ownership interest in an LLC is personal property." Id. at 5 (citing Olmstead v. F.T.C., 44 So.3d 76, 80 (Fla. 2010). By omitting information about the value of his ownership interests in the LLC, Bank failed to make a full disclosure of his assets to the Pretrial Services Officer. The Government concludes that "Defendant's word games do nothing to alter the Court's original analysis — this defendant was not candid with the pretrial service officer and, as such, the Court should not permit him to utilize a previously concealed property interest to post his bond." Id.

On February 28, 2018, Defendant filed his Motion to Modify Bond to Permit Sale of Family Home. ECF No. 55. In his motion, Defendant claims that his wife is the "100% owner" of the marital home that she shares with Defendant as tenants by the entireties. Id. at 1. He requests that his wife be able to sell the home, as she will otherwise suffer a variety of harms, including: (1) that the home will be foreclosed upon, causing Mrs. Bank to lose her interest; (2) that Mrs. Bank's credit may be adversely affected by any mortgage foreclosure; (3) that Mrs. Bank will, in the absence of the sale, lack the funds to pay family expenses; and (4) that Mrs. Bank will lack the funds needed to help pay for her husband's criminal defense. See id. at 2. Defendant requests that Mrs. Bank be able to use all of the sale proceeds for defense costs, but requests in the

6

alternative that if this Court refuses to allow the use of all the proceeds, that half of the proceeds be placed in an escrow account pending resolution of the case. Id. at 3.

On March 14, 2018, the Government responded in opposition to Defendant's motion to modify bond. ECF No. 59. In its brief, the Government primarily argues that Defendant lacks standing to assert the interests of his wife. See id. at 1, 3-4. The Government also notes that Mrs. Bank, as a mere third party asserting interests in assets subject to forfeiture, must wait until the post-trial ancillary proceedings before seeking an adjudication of her interests in the property. See id. at 1, 5-8.

Because Defendant's Motion for Reconsideration and his Motion to Modify Bond to Permit Sale of Family Home have been fully briefed, they are now ripe for disposition.

## II. Discussion

### A. Motion for Reconsideration

Turning first to Defendant's motion for reconsideration, the Court agrees with the Government that Defendant misinterprets DeJesus. As the Government rightly points out, DeJesus stands merely for the proposition that a sole shareholder of a corporation that owns property may not assert a right on behalf of the corporation, such as a homestead exemption, that is reserved to natural persons. See DeJesus,

7

Case No. 2D17-2374, 2018 Fla. WL 793441, *5. This ruling does not contradict the Supreme Court of Florida's earlier holding that "[a]n ownership interest in an LLC is personal property." See Olmstead v. F.T.C., 44 So.3d at 80. While DeJesus does support Defendant's claim that he does not have a direct ownership interest in the assets of the LLCs, it is clear that Defendant has a substantial personal property interest in the LLCs that own the properties. Thus, because Defendant omitted information about a substantial personal property interest, the Court agrees with the Government that Defendant was not candid when he did not disclose the extent of his interests in the LLCs to the Pretrial Services Officer.

In addition, even if Defendant's interpretation of DeJesus is correct, that would not change the fact that, prior to that case being decided in February 2018, Defendant represented and apparently believed that he owned the properties at issue. See Def.'s Motion for Amendment of Conditions of Release at 3, ECF No. 35 (claiming, as of the filing of that motion in December 2017, that Defendant had "real property which he owns in North Carolina"). Because he believed that he owned the properties at issue at the time that he did not disclose them, his failure to mention these properties, in conjunction with his misleading statements about the other property mentioned above, supports the Magistrate Judge's and this Court's determinations that Bank

was not candid.

In light of the above, the Court concludes that Defendant has not shown that he was candid with the Pretrial Services Officer, and thus he has provided no compelling reason for the Court to permit him to utilize previously concealed property interests to post his bond. The Court therefore **DENIES** Defendant's Motion for Reconsideration. ECF No. 54.

B. **Motion to Modify Bond to Permit Sale of Family Home**

Turning next to Defendant's Motion to Modify Bond to Permit Sale of Family Home, the natural starting point for the Court's analysis is to determine whether Defendant has standing to assert his wife's interests in the family home. Pursuant to Article III of the Constitution, federal courts have subject-matter jurisdiction over "Cases" and "Controversies." Lujan v. Defenders of Wildlife, 504 U.S. 555, 559, (1992). One component of the case or controversy limitation on jurisdiction is standing, which requires the plaintiff to "'allege [] such a personal stake in the outcome of the controversy' as to warrant his invocation of federal-court jurisdiction." Summers v. Earth Island Inst., 555 U.S. 488, 493, (2009) (emphasis in original) (quoting Warth v. Seldin, 422 U.S. 490, 498 (1975)). "The standing requirement stems from Article III, . . . [and] is a threshold jurisdictional question" that ensures a lawsuit is "appropriate for the exercise of the [federal] courts' judicial

9

powers." Dreher v. Experian Info. Sols., Inc., 856 F.3d 337, 343 (4th Cir. 2017) (alteration in original) (quoting Pye v. United States, 269 F.3d 459, 466 (4th Cir. 2001)). In order to demonstrate standing, at the "irreducible constitutional minimum," a plaintiff must show: (1) an injury-in-fact, (2) a causal connection between the injury and the alleged misconduct, and (3) a likelihood that the injury will be redressed by a favorable decision. Lujan, 504 U.S. at 560-61. To demonstrate injury-in-fact, a plaintiff must show "an invasion of a legally protected interest" that is (1) "actual or imminent," (2) "particularized" to the plaintiff, and (3) "concrete." Spokeo, Inc., v. Robins, 136 S. Ct. 1540, 1548, (2016) (quoting Lujan, 504 U.S. at 560). Moreover, in order to have standing, a litigant "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." U.S. Dep't of Labor v. Triplett, 494 U.S. 715, 720, (1990).

As the Government has pointed out, a defendant facing criminal forfeiture lacks standing to assert the rights of his spouse or other third parties regarding property subject to forfeiture. See, e.g., United States v. Rivers, 60 F.Supp.3d 1262, 1266 (M.D. Fla. 2014) ("[A]ny objection [the defendant] may have on the basis that a third party holds an interest in forfeitable property is not his objection to make"); United

States v. Morrison, No. 04CR699DRHS-2, 2006 WL 2990481, at *6 (E.D.N.Y. Oct. 19, 2006) (noting that a defendant cannot object to a pretrial restraining order on the ground that the property belongs to his wife; if the property is forfeited, the wife can file a petition in the ancillary proceeding); United States v. Brown, No. 04 CR 159 NGG, 2006 WL 898043, at *5 (E.D.N.Y. Apr. 4, 2006) (noting that the defendant could not assert the rights of his wife in property subject to forfeiture, and also stating that "[t]o the extent that his wife has a legitimate interest in the property, she is entitled to bring that to the court's attention in a separate proceeding pursuant to 21 U.S.C. § 853."); United States v. Weidner, No. 02-40140-01-JAR, 2003 WL 22176085, at *1 (D. Kan. Sept. 17, 2003) (noting that the defendant could not assert the interests of third parties in property subject to forfeiture because such argument was "not his to make.").

Therefore, because Defendant lacks standing to assert his wife's interests in the family home, the Court **DISMISSES** Defendant's Motion to Modify Bond to Permit Sale of Family Home for lack of subject-matter jurisdiction.[1] ECF No. 55.

---

[1] The Government has also correctly noted that third parties may not intervene in federal forfeiture procedures prior to ancillary proceedings. See Gov.'s Opp'n Modify Bond Br. at 3; see also 21 U.S.C. § 853(k) ("Except as provided in subsection (n) of this section, no party claiming an interest in property subject to forfeiture under this section may . . . (2) commence an action at law or equity against the United States concerning the validity of his alleged interest in the property subsequent to the filing of an indictment or

## III. Conclusion

For the reasons stated above, the Court **DENIES** Defendant's Motion for Reconsideration, ECF No. 54, and **DISMISSES** Defendant's Motion to Modify Bond to Permit Sale of Family Home for lack of subject-matter jurisdiction, ECF No. 55.

The Clerk is **DIRECTED** to forward a copy of this Opinion and Order to counsel for Defendant and to the United States Attorney's Office in Norfolk, Virginia.

It is so **ORDERED**.

/s/ Mark S. Davis
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
April 26, 2018

---

information alleging that the property is subject to forfeiture under this section."). Mrs. Bank may assert her interests in the family home after trial by filing a petition with the Court within thirty days after the final publication of the notice of forfeiture. See 21 U.S.C. § 853(n)(2).