UNITED STATES OF AMERICA
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

UNITED STATES

V.                              CASE NO.: 2:17CR126

DARYL G. BANK

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR DOUBLE JEOPARDY VIOLATION**

Now Comes the Defendant, Daryl G. Bank, and in support of his filed Motion to Dismiss, states in support as follows:

The Defendant is charged with the following counts:

    18 U.S.C. §1349, Conspiracy to Commit Mail and Wire Fraud (Count 1)

    18 U.S.C. §§1341 and 2, Mail Fraud (Count 2-6)

    18 U.S.C. §§1343 and 2, Wire Fraud (Counts 7-12)

    18 U.S.C. §371, Conspiracy to sell Unregistered Securities and to Commit Securities Fraud (Count 13)

    15 U.S.C. §§77e, 77x and 18 U.S.C. 2 Securities Fraud (Counts 14-18)

    15 U.S.C. §§77q, 77x and 18 U.S.C. 2 Securities Fraud (Counts 19-22)

    18 U.S.C. §1956(h), Conspiracy to Launder Monetary Instruments (Count 23)

    18 U.S.C. §§1957 and 2, Unlawful Monetary Transactions

    (Counts 24-28)

  18 U.S.C. §§981(a)(1)(C) and 982(a)(1) 28 U.S.C. ξ2461

  Criminal Forfeiture

These counts stem from an alleged violation of Federal Securities laws with corollary counts alleging mail and wire fraud for material statements and omissions in a willful scheme or artifice to defraud.

The same conduct, allegations and proof were part of an action by The Securities and Exchange Commission in the United States District Court, District of Arizona, CV-15-0609-PHX-SMM. By final judgment in that case filed on February 8, 2018, the District Court entered judgment against the Defendant which included a disgorgement of $4,494,900.00, representing profits gained as a result of conduct alleged in the Complaint, together with pre-judgment interest in the amount of $802,553.00, and a civil penalty in the amount of $4,494,900.00, pursuant to Section 20 (d) of the Securities Act, 15 U.S.C. 77t (d) and Section 21 (d)(3) of the Exchange Act, 15 U.S.C. 78u(d)(3). The Defendant contends that the Order disgorging him of $4,494,900.00, constitutes a criminal sanction under the reasoning of <u>Kokesh v. S.E.C.</u>, 137 S.Ct. 1635 (2017), which prohibits his prosecution in this matter as this prosecution is barred by the Double Jeopardy Clause of the Fifth Amendment as the Defendant has already been punished for the same offense.

The Double Jeopardy Clause states; "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limits." <u>U.S. Constitution Amendment V</u>. Criminal defendants are thus protected from multiple punishments for the same offense. <u>North Carolina v. Pearce</u>, 395 US. 711, 717, 89 S.CT. 2072, 73 L. Ed. 2d. 656 (1969). The Defendant contends

that the penalty of disgorgement imposed by the District Court of Arizona is a punishment for the same conduct and thus bars his prosecution.

The United States Supreme Court in Kokesh v. S.E.C., 137 S.Ct. 1635 (2017), was faced with the issue of whether 28 U.S.C. §2462, which applies to any action, suit or preceding for the enforcement of any civil fine, penalty or forfeiture, pecuniary or otherwise, also applies.

The Double Jeopardy Clause protects against both successive prosecution and successive punishments. United States v. Ursey, 518 US 267, 273 (1966). The protection against successive punishment prohibits the Government from punishing twice, or attempting a second time to punish criminally for the same offense. Witte v. United States, 515 US 389, 396.

In Kokesh the Defendant was the owner of two (2) investment-advisor firms and provided investment advice to companies interested in business development. *Id.* at 1641. The SEC filed an action against the Defendant in 2009 alleging that between 1995 and 2000, the Defendant, through his investment firm, misappropriated $34.9 million from several of the companies to which he was providing advice. *Id.* The SEC further alleged that the Defendant filed false and misleading SEC reports and proxy statements. The SEC sought disgorgement among other remedies. *Id.*

The Defendant was found liable for violations of the Investment Company Act of 1940, the Investment Advisors Act of 1940, and the Securities and Exchange Act of 1934. *Id.* The District Court held that the SEC could not collect civil monetary penalties for any actions occurring prior to October 27, 2004, which was the date the SEC filed its Complaint, as those were barred by the applicable Statute of Limitations. *Id.* However, the District Court also held

that disgorgement was not a penalty within the meaning of 28 U.S.C. §2462 and ordered the Defendant to pay $34.9 million plus an additional $18.1 million in pre judgment interest. Id. The Supreme Court reversed and Justice Sotomayor, writing for a unanimous court couldn't have been clearer:

> A penalty is a punishment, whether corporal or pecuniary, imposed and enforced by the State for a crime or offense(s) against its laws. This definition gives rise to two principles. First, whether a sanction represents a penalty turns in part on whether the wrong sought to be addressed is a wrong to the public or a wrong to the individual.

Id. at 1642.

> ...SEC disgorgement constitutes a penalty within the meaning of §2642. First, SEC disgorgement is imposed by the courts as a consequence for violating...public laws. The violation for which the remedy is sought is committed against the United States rather than an aggrieved individual — this is why, for example, a securities enforcement action may proceed even if victims do not support or are not parties to the prosecution. As the Government concedes, when the SEC seeks disgorgement, it acts in the public interest, to remedy harm to the public at large, rather than standing in the shoes of particular injured parties.
>
> Second, SEC disgorgement is imposed for punitive purposes. In *Texas Gulf*— one of the first cases requiring disgorgement in SEC proceedings — the court emphasized the need to deprive the defendants of their profits in order to...protect the investing public by providing an effective deterrent for future violations, 312 F. Supp. at 92. In the years since, it has become clear that deterrence is not simply an incidental effect of disgorgement. Rather, courts have consistently held that the primary purpose of disgorgement orders is to deter violations of their ill-gotten gains.

Id.

> Sanctions imposed for the purpose of deterring infractions of public laws are inherently punitive because deterrence [is] not [a] legitimate non-punitive governmental objective.

Id.

> Finally, in many cases, SEC disgorgement is not compensatory. As courts and the Government have employed the remedy, disgorged profits are paid to the district court, and it is within the court's discretion to determine how and to whom the money will be distributed. Courts have required disgorgement regardless of whether the disgorged funds will be paid to such investors as restitution. Some disgorged funds are paid to victims; other funds are dispersed to the United States Treasury. Even though district courts may distribute the funds to the victims, they have not identified any statutory command that they do so. When an individual is made to pay a non-compensatory sanction to the Government as a consequence of a legal violation the payment operates as a penalty.

*Id.* at 1644.

In making its unanimous decision, the Supreme Court specifically rejected the Government's position that SEC disgorgement is not punitive, but remedial in that it lessens the effects of a violation by restoring the *status quo:*

> As an initial matter, it is not clear that disgorgement, as courts have applied it in the SEC enforcement context, simply return the defendant to the place he would have occupied had he not broken the law. SEC disgorgement sometimes exceeds the profits gained as a result of the violation.
>
> And, as demonstrated by this case, SEC disgorgement sometimes is ordered without consideration of a defendant's expenses that reduced the amount of illegal profit.

*Id.*

> In such cases, disgorgement does not simply restore the *status quo;* it leaves the defendant worse off. The justification for this practice given by the court below demonstrates that disgorgement in this context is a punitive, rather than a remedial sanction."

*Id.* at 1645.

> A civil sanction that cannot fairly be said solely to serve a remedial purpose, but rather can only be explained as also servicing either retributive or deterrent

5

purposes, is punishment, as we have come to understand the term.

In Hudson v. United States, 522 U.S. 93 (1997), the Supreme Court reaffirmed the relevant guideposts for determining whether a civil remedy actually operates as a criminal punishment for double jeopardy purposes:

> (1) "whether the sanction involves an affirmative disability or restraint"; (2) "whether it has historically been regarded as a punishment"; (3) "whether it comes into play only on a finding of *scienter*"; (4) "whether its operation will promote the traditional aims of punishment -- retribution and deterrence"; (5) "whether the behavior to which it applies is already a crime"; (6) "whether an alternative purpose to which it may rationally be connected is assignable for it"; and (7) "whether it appears excessive in relation to the alternative purpose assigned."

*Id.* at 99-100 (citing and quoting Kennedy v. Mendoza-Martinez, 372 U.S. 144, 168-69 (1963). Here, several factors point toward the conclusion that the SEC disgorgement rises to the level of criminal punishment for double jeopardy purposes.

Most obviously (and unlike the exclusively civil provisions at issue in Hudson), Congress did not limit the enforcement of 15 U.S.C. §§ 77(a), 78j(b), and SEC Rule 10b-5 to civil injunction actions by the SEC. Rather, Congress authorized the government to criminally prosecute individuals for violating these provisions, providing a statutory penalty of up to five years' in prison. 15 U.S.C. § 77x; *see, e.g.,* Bogy v. United States, 96 F.2d 734 (6th Cir. 1938). Disgorgement in SEC actions is not a statutory remedy, but one that courts began to order as part of their equitable power in the 1970s, many years after Congress first enacted the crime of securities fraud under § 77q. See Kokesh, 137 S. Ct. at 1640. Meanwhile, courts routinely use disgorgement as a measure for determining criminal sanctions. *See* United States v. Nacchio, 573

F.3d 1062, 1086 (10th Cir. 2009) (using disgorgement as a guidepost for determining loss in an insider trading case); *see also* United States v. McLaughlin, 565 F. App'x 470, 473 (6th Cir. 2014) (disgorgement is the measure of the punitive sanction of forfeiture). The criminal connotations of disgorgement are manifest.

Further, as Kokesh now tells us, disgorgement is a penalty whose "operation will promote the traditional aims of punishment - retribution and deterrence." Hudson, 522 U.S. at 99; Kokesh, 137 S. Ct. at 1643-44. While civil disgorgement for a violation of § 77q and § 78j(b) is not the "infamous punishment of imprisonment," Hudson, 522 at 99, the sanction for violating § 77q(a)(1) and 78j(b) and Rule 10b-5 can come into play "only on a finding of *scienter.*" *Id.; see* SEC v. George, 426 F.3d 786, 792 (6th Cir. 2005) (citing Ernst & Ernst v. Hochfelder, 425 U.S. 185 (1976)); *see* Aaron v. SEC, 446 U.S. 680, 697 (1980) ("the language of [§ 77q(a)] requires *scienter* under [§ 77q(a)(1)]). *See also* SEC Complaint at 15, 17-18 (Counts I and III). This is not the case where the only factor is the "mere presence of a deterrent purpose." Hudson, 522 U.S. at 105.

The only Appellate decision, post Kokesh, counsel can locate is the recent decision by the Sixth Circuit in United States v. Dyer, No. 17-6174/6177, (6th Circuit, Nov. 13, 2018).

That Court specifically addressed the question and concluded that an action by the S.E.C. resulting is disgorgement is not a "penalty" for Double Jeopardy purposes. However, that case is clearly distinguishable from the case at bar.

First, it dealt with a sentencing issue after Dyer had already been convicted. The question was the 18 level enhancement included in the sentencing guidelines computations based upon

7

the conduct alleged in the S.E.C. complaint.

Secondly, the Court notes that it would have affirmed for two separate reasons that are not present in our case. The Court notes that in the criminal case, the offense alleged was a conspiracy, different from the allegations in the S.E.C. enforcement action. Therefore the elements were different, under Blockburger v. United States, 284 U.S. 299 (1972).

Also, the Court held that consideration of relevant conduct under the guidelines is not punishment for Double Jeopardy purposes. Neither of these justifications are applicable in this Defendant's case.

Finally, Dyer holds that because the Supreme Court in Kokesh did not address the issue of a criminal penalty, that Court did not intend to extend its analysis in this arena. That rational misses the point. The Supreme Court only determines "the case at hand", Hein v. Freedom From Religion Foundation, Inc., 551 US 587 (2007). The Court's "standard practice is to refrain from addressing constitutional questions except when necessary to rule on particular claims before us". Citizens United v. F.E.C., 558 US 310 (2010) (Roberts, C.J. confirming). Kokesh dealt with whether a disgorgement order is a "penalty" under the statute of limitations. The issue of Double Jeopardy was not before it. But clearly Kokesh, unanimously, held that a disgorgement order is a penalty.

Therefore, for all of the above reasons, Defendant Bank moves to dismiss the indictment against him.

Respectfully submitted,
DARYL G. BANK
By Counsel

_____/s/_____

8

                       James O. Broccoletti, Esquire
                       VSB# 17869
                       Counsel for DARYL G. BANK
                       ZOBY, BROCCOLETTI & NORMILE, P.C.
                       6663 Stoney Point South
                       Norfolk, VA 23502
                       (757) 466-0750
                       (757) 466-5026
                       james@zobybroccoletti.com

## CERTIFICATE OF SERVICE

       I hereby certify that on the _27th_ day of November, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Melissa O'Boyle, Esquire
United States Attorney's Office
101 W Main Street, STE 8000
Norfolk, VA 23510
757-441-6331

                       _____/s/_____
                       James O. Broccoletti, Esquire
                       VSB# 17869
                       Counsel for DARYL G. BANK
                       ZOBY, BROCCOLETTI & NORMILE, P.C.
                       6663 Stoney Point South
                       Norfolk, VA 23502
                       (757) 466-0750
                       (757) 466-5026
                       james@zobybroccoletti.com