IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

NORFOLK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 2:17cr126 |
| | ) | |
| DARYL G. BANK, | ) | |
| | ) | |
| Defendant. | ) | |

### GOVERNMENT'S MOTION TO QUASH SUBPOENAS AND MEMORANDUM IN SUPPORT

The United States of America, through its undersigned counsel, moves, pursuant to Rule 17(c)(2) of the Federal Rules of Criminal Procedure, to quash the pre-trial subpoenas for documents requested by defendant Daryl G. Bank on January 24, 2019, ECF Nos. 161-162. In support of its position, the government states as follows:

1.  On January 24, 2019, the government received two notices of electronic filing indicating that defendant Bank was moving *ex parte* for the issuance of subpoenas duces tecum.

2.  At the government's request, counsel for defendant provided copies of the *ex parte* motions for issuance of subpoenas. The motions and proposed orders, citing Local Rule 19(E),[1] request subpoenas for various corporate documents from two entities with which defendant Bank was associated. Both motions recite that "Mr. Bank[] submits that he has a good-faith basis to believe that the documents, records, and other materials sought are necessary and material to Mr. Bank's defense." *See* ECF Nos. 161-162. The proposed orders would require the subpoena recipients to produce the documents sought by March 6, 2019, more than

---

[1] As there is no Local Criminal Rule 19(E), this is presumably a reference to Local Rule 17(E), which governs the issuance of subpoenas in blank in criminal cases.

three months before the June 25 trial, and do not state the location to which the subpoenas are returnable.  *Id.*, Proposed Orders.  Local Rule 17(B) requires that subpoenas be made returnable to the place, date, and time of trial or hearing, unless otherwise ordered by the Court.  The motions do not contain any explanation for the request of an early return date.

3.  Rule 17 of the Federal Rules of Criminal Procedure, which "implements the Sixth Amendment guarantee that an accused have compulsory process to secure evidence in his favor," sets out the circumstances in which a criminal defendant may use the Court's subpoena power.  *United States v Caro*, 597 F.3d 608, 619 (4th Cir. 2010) (citing *In re Martin Marietta Corp.*, 856 F.2d 619, 621 (4th Cir. 1988)).  Rule 17(c)(1) states as follows: "A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates.  The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence.  When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them."

4.  The standards for the issuance of a subpoena returnable before trial are set forth in *United States v. Nixon*, 418 U.S. 683, 698-700 (1973).  The decision whether to require subpoenaed documents to be produced before trial rests within the discretion of the district court.  *Id* at 700.  That discretion must be exercised "in remembrance of the responsibility to prevent Rule 17(c) from being improperly used as a discovery alternative to Rule 16."  *United States v. Beckford*, 964 F. Supp. 1010, 1022 (E.D. Va. 1997).  A Rule 17(c) subpoena, although it may be more far-reaching than a testimonial subpoena, is not "intended to provide an additional means of discovery."  *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951).  "The burden is on the court to see that the subpoena is good in its entirety and it is not upon the [subpoenaed party] to cull the good from the bad."  *Id.* at 221.  Furthermore, "[t]he courts uniformly have

rejected attempts at procuring additional or advance discovery through the use of Rule 17(c) subpoenas." *Beckford*, 964 F. Supp. at 1032. Likewise, a subpoena is improper where it calls for the production of documents that may constitute *Brady*, Jencks Act, or *Giglio* material. *Id.* at 1031-32.

5. To secure the issuance of a pretrial subpoena, requesting that a third party produce the documents the subpoena designates, a party must show (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'" *Nixon*, 418 U.S. at 699–700; *see also Beckford*, 964 F. Supp. at 1031. In short, the requesting party must "clear three hurdles: (1) relevancy; (2) admissibility; [and] (3) specificity." *Nixon*, 418 U.S. at 700. The burden is on the party seeking production to show good cause for production prior to trial. *Beckford*, 964 F. Supp. at 1022.

6. The defendant has provided no explanation for why the subpoenas must be returned months before trial. More importantly, he has not made *any* of the required showings under *Nixon*: besides not explaining why the documents sought are evidentiary and relevant, the motions neither explain why the documents are not otherwise procurable in advance of trial by the exercise of due diligence nor make any showing that Bank cannot prepare for trial without pre-trial inspection of the requested documents. Without a detailed recitation explaining why each category of documents sought fulfill each of the *Nixon* requirements, the Court and the

government have no way of knowing that the application is made in good faith and is not the kind of "fishing expedition" Rule 17 does not permit.

       7.       For the reasons stated above, defendant's motions should be denied. The government reserves all rights to move to quash any additional improper attempts to subpoena entities and individuals in this matter, including the two listed in the motions at issue.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By:     /s/
Andrew Bosse
Melissa E. O'Boyle
Virginia State Bar No. 47449
Elizabeth M. Yusi
Virginia State Bar No. 91982
Attorneys for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Office Number – 757-441-6331
Facsimile Number – 757-441-6689
E-Mail Address – andrew.bosse@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 30, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

James O. Broccoletti
Zoby & Broccoletti, P.C.
6663 Stoney Point South
Norfolk, Virginia 23502
james@zobybroccoletti.com

Nicholas D. Renninger
Kozak, Davis, Renninger & Belote, P.C.
355 Crawford Street, Suite 700
Portsmouth, Virginia 23704
nrenninger@kozakfirm.com

Emily M. Munn
Bischoff Martingayle, PC
208 E. Plume Street
Suite 247
Norfolk, Virginia 23510
emily@bishoffmartingayle.com

By: _____/s/_____
Andrew Bosse
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Office Number – 757-441-6331
Facsimile Number – 757-441-6689
E-Mail Address – andrew.bosse@usdoj.gov