UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**UNITED STATES OF AMERICA,**

v.  Criminal No. 2:17cr126

**DARYL G. BANK,**

Defendant.

## MEMORANDUM OPINION

This matter is before the Court on Defendant's Motions for Issuance of Subpoenas Duces Tecum Ex Parte, ECF Nos. 161, 162, and on the Government's Motion to Quash Subpoenas, ECF No. 164. For the reasons stated below, the Defendant's motions for issuance of subpoenas are **DENIED** and the Government's motion to quash is **DISSMISSED AS MOOT**.

### I. Background

Defendant Daryl G. Bank ("Defendant") has been charged with mail fraud, wire fraud, securities fraud, unlawful sale of unregistered securities, securities fraud, and conspiracy to commit those offenses, as well as conspiracy to launder monetary instruments and engaging in unlawful monetary transactions. Second Superseding Indictment, ECF No. 105. These charges arise from allegations that Defendant and others executed a scheme to defraud numerous individuals by creating, promoting, and selling fraudulent investment opportunities. Id. at 3-4. At least some

of these opportunities allegedly involved investing in different business entities. Id. For example, it is alleged that Bank and others "pitched" an investment that offered partial ownership of a franchise that was not actually in operation. Id. at 4-6.

On January 24, 2019, Defendant filed two motions for issuance of subpoenas duces tecum for records from two business entities. ECF Nos. 161, 162. These motions were labeled as ex parte, but were actually filed under seal with such docket entry visible to the Government. Having received electronic filing notifications about Defendant's motions, the Government requested copies of the motions, which Defendant then provided to the Government. The Government filed its motion to quash said subpoenas on January 30, 2019, arguing that Defendant did not adequately explain why the requested documents need to be produced months before trial is set to begin. ECF No. 164. Defendant filed a response to the Government's motion on March 7, 2019.[1] ECF No. 166.

## II. Legal Standard

Pursuant to Federal Rule of Criminal Procedure 17, a defendant is permitted to file an ex parte request for issuance of a pre-trial subpoena duces tecum, United States v. Beckford, 964 F. Supp. 1010, 1026-27 (E.D. Va. 1997), and, in response to such a request, a district court has the authority to order a witness "to produce

---

[1] Because Defendant's response was untimely, he filed an unopposed Motion for Leave to File Untimely Pleading on March 13, 2019, ECF No. 167, which the Court granted on March 15, 2019, ECF No. 168.

2

any books, papers, documents, data, or other objects . . . . before trial or before they are to be offered in evidence." Fed. R. Crim. P. 17(c)(1). In the context of an ex parte motion for a subpoena duces tecum, a district court has the authority to quash or modify the subpoena. Beckford, 964 F. Supp. at 1024-25. A district court may also "[o]n a motion made promptly, quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim P. 17(c)(2).

A district court has discretion to decide whether to require that subpoenaed documents be produced before trial. United States v. Nixon, 418 U.S. 683, 699 (1973); United States v. Rand, 835 F.3d 451, 462 (4th Cir. 2016). In a criminal case, the party seeking the pretrial production of documents "must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." Nixon, 418 U.S. at 700. More specifically, the moving party has the burden to show the following:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

Nixon, 418 U.S. at 699-700; Rand, 835 F.3d at 462. "Rule 17(c) implements the Sixth Amendment guarantee that an accused have compulsory process to secure evidence in his favor." In re Martin

3

Marietta Corp., 856 F.2d 619, 621 (4th Cir. 1988) (citing California v. Trombetta, 467 U.S. 479, 485 (1984)). But, "Rule 17(c) is not intended to provide a means of pretrial discovery; rather, its primary purpose is simply to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials." Rand, 835 F.3d at 462 (quoting United States v. Richardson, 607 F.3d 357, 368 (4th Cir. 2010)) (internal quotation marks omitted).

### III. Analysis

Here, Defendant requests subpoenas for the financial statements, tax returns, documents detailing capital structure, operating agreements, and valuation documents from two business entities: Warped Cigars, LLC and Collins Asset Group, LLC. Def's Mot.'s, ECF Nos. 161, 162. The Government has moved to quash such subpoenas on the ground that the motions filed by Defendant were insufficient to meet the standard established by the Supreme Court in Nixon because Defendant did not provide a detailed recitation of the Nixon requirements.[2]  Gov't Mot. ¶ 6, ECF No. 164.

---

[2] Ordinarily, an opposing party in a criminal case does not have standing to challenge a subpoena in "the absence of a claim or privilege, or the absence of a proprietary interest in the subpoenaed material or of some other interest in the subpoenaed documents." Beckford, 964 F. Supp. at 1023. Courts within the Fourth Circuit generally find that the government does not have standing to challenge a third-party subpoena in a criminal matter unless it has a legitimate interest in the materials requested – such as when the materials contain information about a witness for the prosecution. Compare United States v. Lespier, No. 2:10CR09, 2011 U.S. Dist. LEXIS 58510, at *1-2 (W.D.N.C. May 26, 2011)(holding that the government lacked standing to challenge subpoenas issued to a third party because the third parties were the proper parties to move to quash) and United States v. Bodkins, Civil Action No. 4:04CR70083, 2004 U.S.

Defendant's reply expands on its motion and specifically addresses the Nixon requirements. Def.'s Resp., ECF No. 166.

Defendant's motions are insufficient because Defendant fails to address the Nixon requirements in either of them. See Def.'s Mots., ECF Nos. 161, 162. The only justification Defendant provides the Court in his motions is that he "has a good-faith basis to believe that the documents, records, and other materials sought are necessary and material to [his] defense." Def.'s Mots., ECF Nos. 161, 162. Such justification is not enough for this Court to issue the requested subpoenas. See Fitzgerald, 416 F. App'x at

---

Dist. LEXIS 22406, at *7-9 (W.D. Va. Nov. 5, 2004) (finding that the government could not challenge a subpoena issued to the forensic science lab because there was no indication that the materials had witness information or that the government had a proprietary interest in them) with United States v. Debolt, No. 5:09CR24, 2010 U.S. Dist. LEXIS 111204, at *12-13 (N.D.W. Va. Oct. 19, 2010) (holding that the government had standing to challenge a subpoena when it was directed toward a third party that was a witness for the prosecution) and United States v. Clark, Case No. 1:00CR00094, 2001 U.S. Dist. LEXIS 9650, at *4 (W.D. Va. June 27, 2001) ("[C]ourts have routinely granted the government's motion to quash a subpoena duces tecum where a defendant requests records from a third party.").

However, regardless of whether the Government has standing to challenge a subpoena, before or after it has been issued, "the government, as an opposing party, has a right to be heard in a motion presented for the court's consideration," particularly in a case such as this where "the subpoenas have not yet been served, and the government merely objects to their issuance." United States v. Modi, Case No. 1:01CR00050, 2002 U.S. Dist. LEXIS 1965, at *4-6 (W.D. Va. Feb. 4, 2002). Here, because the Court has an independent obligation to ensure the subpoenas comply with Nixon, the issue of whether the Government has standing to assert non-compliance with Nixon has no impact on the Court's decision in this case. See United States v. Fitzgerald, 416 F. App'x 238, 244-45 (4th Cir. 2011) (expressly declining to decide the issue of whether the Government had standing to challenge a third-party subpoena but finding that the Court had authority to quash the subpoena anyway); see also Modi, 2002 U.S. Dist. LEXIS 1965, at *4-6 ("Regardless of whether the government objects, the court is required to examine the subpoenas for compliance with the test set forth in Nixon. The government's standing to object has no effect on the court's obligations under Rule 17."). Accordingly, the Court declines to make a ruling on standing because it is not necessary to the resolution of this issue and because the parties have not raised the issue in their briefing.

5

244-45 (holding that it was appropriate to deny a motion for issuance of a subpoena duces tecum where "[t]he only reason given in [Defendant's] motion for the subpoenas was 'for the defendant to raise his defense of innocence, as well as cast doubt on the evidence of the government.'").

Although Defendant has provided more detail in his reply to the Government's motion, the Court still finds such detail insufficient to meet the Nixon standard. See id. (finding that, even when the defendant gave more detail at a hearing, he "failed to make the necessary showing" under Nixon). While Defendant's reply adequately demonstrates that (1) the documents are relevant to his defense,[3] (2) there is a need for the production of the documents before trial,[4] and (3) the application is made in good faith and is sufficiently specific that it is not a "fishing expedition,[5] he does not adequately demonstrate other requirements

---

[3] Defendant intends to use the documents as evidence to show that the legitimate business entities from which the documents are subpoenaed are similar in their structure to the entities that are allegedly a part of the fraud. Such evidence is relevant because, if the allegedly fraudulent entities were similar to legitimate business entities, it makes it less likely that Defendant intended to defraud individuals by having them invest in entities he knew were illegitimate.

[4] To prepare his client's defense that the entities were legitimate, Defendant's counsel needs time to review the documents and develop his argument. The records requested are believed to be voluminous and complex, requiring more time to conduct an adequately detailed review before trial.

[5] Defendant has identified particular documents in defined categories from a limited number of years that he may use at trial. He is not requesting such a wide range of documents that would suggest he is using the subpoena as a discovery device. See United States v. Caro, 597 F.3d 608, 620 (4th Cir. 2010); United States v. Crosland, 821 F. Supp. 1123, 1129 (E.D. Va. 1993) ("The specificity requirement announced in Nixon is designed to ensure that the use

6

under Nixon. See Nixon, 418 U.S. at 699-700 (listing the requirements for issuance of a subpoena). For example, Defendant has not addressed the admissibility of the documents, one of the three main "hurdles" that must be overcome under Nixon. Nixon, 418 U.S. at 700. Further, Defendant has not shown that the documents are not otherwise procurable. See Nixon, 418 U.S. at 699-700 (holding that a defendant must show that the documents "are not otherwise procurable reasonably in advance of trial by exercise of due diligence."). While Defendant has indicated that, because he is not an owner of the business entities named in the subpoena, he has "no other means to acquire the financial documents . . . other than the motion filed," Defendant has not shown that he made any effort to obtain the documents without the subpoena. Def.'s Resp. ¶ 2.b.

The Court recognizes that it may be difficult to obtain financial documents from third parties, but "inaction is obviously insufficient." United States v. Ging-Hwang Tosa, No. 1:13cr137, 2013 U.S. Dist. LEXIS 155107, at *7 (E.D. Va. Oct. 29, 2013). Defendant must demonstrate that he exercised due diligence in attempting to obtain the documents before the Court may issue a subpoena. See Ging-Hwang Tosa, 2013 U.S. Dist. LEXIS 155107, at *7 (finding that the defendant did not show due diligence in

---

of trial subpoenas is limited to securing the presence at trial of particular documents or sharply defined categories of documents.").

obtaining documents because "no effort ha[d] been made to contact the parties Defendant [sought] to subpoena"). Further, Defendant does not explain why the documents are not Brady, Jencks Act, or Giglio material other than noting that he needs them sooner than they would be provided in the event they constituted such material. Def.'s Resp. ¶ 2.b; see Beckford, 964 F. Supp. at 1023 (explaining that "a Rule 17(c) subpoena duces tecum is improper where it calls for the production of Brady, Jencks, or Giglio material" because such material is subject to limited discovery and is otherwise procurable).

Accordingly, Defendant has not met his burden to show that the factors under Nixon have been satisfied. Therefore, Defendant's motions for issuance of subpoenas duces tecum are **DENIED**.

## IV. Conclusion

For the foregoing reasons, the Defendant's Motions for Issuance of Subpoenas Duces Tecum are **DENIED** without prejudice. Defendant is permitted to refile such motions so long as they explain all of the Nixon requirements in accordance with this Memorandum Opinion. Because Defendant's motions are denied, the Government's Motion to Quash is **DISMISSED AS MOOT**. The Clerk is

8

**DIRECTED** to send a copy of this Memorandum Opinion to all counsel of record.

/s/ Mark S. Davis
Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
April 5, 2019