IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

NORFOLK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 2:17cr126 |
| | ) | |
| DARYL G. BANK, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S MOTION FOR AN EXPEDITED INQUIRY REGARDING POTENTIALLY PRIVILEGED DOCUMENTS AND MEMORANDUM IN SUPPORT**

The United States of America, through its undersigned counsel, moves the Court to review, and if necessary convene a hearing to inquire into the nature of, a disc of documents produced to the government by counsel for defendant Daryl Bank yesterday afternoon, March 23, 2021. The documents, which may contain privileged attorney-client communications between co-defendant Raeann Gibson and her attorney, are being sent to the Court under seal this morning to facilitate a review by the Court.

1. Raeann Gibson was charged as a co-defendant in this case and is represented by Nicholas Renninger, Esq. She pleaded guilty to a two-count criminal information on May 29, 2019. ECF No. 196. Her plea agreement includes an agreement to cooperate with the government. ECF No. 199. The government intends to call Ms. Gibson as a witness during its case-in-chief, set to begin next Tuesday, March 30.

2. The government produced the bulk of its <u>Jencks</u> Act material, including reports related to Ms. Gibson, to the defense on November 4, 2020, before the December 1, 2020, trial date was reset due to the pandemic.

3.  Yesterday afternoon—one week before trial—counsel for Daryl Bank produced a disc of documents to the government that was described as "impeachment" material related to Ms. Gibson. IRS Special Agent Andrew Bowers picked up this disc of material from defense counsel's paralegal, Kate O'Brien, late yesterday afternoon.

4.  Upon receipt of this disc, counsel for the government clicked on the second PDF file on the disc and opened the contents. When counsel for the government reviewed this document, it appeared to be an e-mail communication between Ms. Gibson, her defense attorney, Mr. Renninger, and another attorney from Suffolk. The date of this e-mail was after the grand jury had returned the indictment in this case. No one else was copied on this e-mail. Because the communication was not directed to Daryl Bank, Mr. Broccoletti, or Ms. O'Brien, it appeared to government counsel to be a potentially privileged attorney-client communication. Fearing that government counsel could be tainted by reviewing a potentially privileged e-mail, counsel did not review the substance of the e-mail communication and stopped any further review of the documents on the disc.

5.  Government counsel immediately contacted Mr. Renninger to inform him of this potentially privileged e-mail. Mr. Renninger said he did not know how Mr. Bank had obtained the e-mail given that Mr. Bank was not copied on it. Mr. Renninger further stated that the Suffolk lawyer copied on the e-mail was an expert that he had petitioned the Court to permit him to hire (with Court funds) to assist with Ms. Gibson's defense.

6.  Counsel for the government immediately attempted to contact Mr. Bank's counsel to determine how Mr. Bank came to possess this potentially privileged material between Ms. Gibson and her defense counsel. Defense counsel was unreachable yesterday because he was traveling back from Utah after a Rule 15 deposition in this case. The government was able to

speak this morning with Mr. Broccoletti, who explained why he believed the e-mail was reviewable. After speaking with Mr. Broccoletti, the government believes it is still necessary for the Court to inquire into whether these documents remain privileged.

7. The production of this disc to the government puts the government in a difficult position, and the government needs guidance from the Court regarding how to proceed. The Fourth Circuit has repeatedly reinforced the sanctity and importance of the attorney-client privilege in the criminal context. *See generally In re Search Warrant,* 942 F.3d 159 (4th Cir. 2019). The attorney-client privilege and the work-product doctrine jointly support the Sixth Amendment's guarantee of effective assistance of counsel. *See id.* (citing *U.S. Const. Amend. VI*; *Strickland v. Washington,* 466 U.S. 668, 686 (1984)). Indeed, the Fourth Circuit has stated that "in assessing the interplay between the attorney-client privilege and the Sixth Amendment, we have emphasized that '[t]he essence of the Sixth Amendment right to effective assistance of counsel is, indeed, privacy of communication with counsel.'" *Id.* (citing *United States v. Brugman*, 655 F.2d 540, 546 (4th Cir. 1981)). Ms. Gibson did not waive her attorney-client privilege simply by pleading guilty in this case.

8. Likewise, the government attorneys in this case cannot possess or review potentially privileged material. *See* Virginia State Bar Professional Guidelines Rule 4.4(b). Nor can they review any of the other materials on the disc to determine what else it contains; the very first document opened appeared, on its face, to be privileged. With the trial just days away, it is important the government be able to at least review any non-privileged material on the disc, but it cannot do so without a ruling from the Court.

9. Normally, when faced with potentially privileged documents, the government contacts the Court and establishes a filter protocol to facilitate the review of potentially

privileged material.  Indeed, the government followed a Court-approved filter protocol in this case after Mr. Bank returned a hard drive that he had taken from Ms. Gibson's belongings after she pled guilty.  ECF No. 262.  Pursuant to the Court's order, the government employed a filter team to review the hard drive and remove any potentially privileged material involving Mr. Bank.  A filter team ran searches to remove any documents or e-mails that mentioned or were related to Mr. Broccoletti and 15 other lawyers with whom Mr. Bank claimed he had a privileged attorney-client relationship.

10. The government, however, is in a very different position with respect to this disc. First, to the government's knowledge, Ms. Gibson has not waived her attorney-client privilege with Mr. Renninger.  The government cannot and will not review a disc containing at least some privileged emails without a Court order guiding the process.  As such, the government cannot continue to review the documents on this disc without guidance from the Court, especially considering that trial is only six days away and Ms. Gibson is an important witness for the government.  Second, the government also does not know precisely how Mr. Bank obtained this e-mail between Ms. Gibson and her counsel or whether there is a valid claim of waiver.

11. Based on the foregoing, the government respectfully files this motion to obtain guidance regarding how to proceed.  The government believes it is proper for the Court, in the first instance, to review the material in question.  If the Court believes it is appropriate to do so after such a review, the Court could convene a hearing to inquire into the nature of the documents on the disc, including whether they contain privileged material, whether there was any waiver of the privilege, and, if necessary, precisely how defendant Daryl Bank came into possession of any privileged documents.

12. The government is sending the disc in question to the Court in a sealed envelope this morning. It has not retained a copy of the disc. *See* Virginia State Bar Professional Guidelines Rule 4.4(b).

Respectfully submitted,

Raj Parekh
Acting United States Attorney

By:     /s/
Melissa E. O'Boyle
Virginia State Bar No. 47449
Elizabeth M. Yusi
Virginia State Bar No. 91982
Andrew Bosse
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Office Number – 757-441-6331
Facsimile Number – 757-441-6689
E-Mail Address – melissa.oboyle@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on March 24, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record, including:

James O. Broccoletti
Zoby & Broccoletti, P.C.
6663 Stoney Point South
Norfolk, Virginia 23502
james@zobybroccoletti.com

Nicholas D. Renninger
Kozak, Davis, Renninger & Belote, P.C.
355 Crawford Street, Suite 700
Portsmouth, Virginia 23704
nrenninger@kozakfirm.com

Emily M. Munn
Emily M. Munn, P.C.
223 East City Hall Ave, Suite 330
Norfolk, Virginia 23510
emily@emilymunn.law

By: _____/s/_____
Melissa O'Boyle
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Office Number – 757-441-6331
Facsimile Number – 757-441-6689
E-Mail Address – melissa.oboyle@usdoj.gov