IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No: 2:17cr126 |
| | ) | |
| DARYL G. BANK, et al | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION IN LIMINE AND MEMORANDUM IN SUPPORT**

NOW COMES the Defendant, Daryl G. Bank, and respectfully moves this Court pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure and Rules 403, 404, and 609 of the Federal Rules of Evidence to prohibit the United States from introducing evidence during its case in chief related to ten (10) categories of character evidence of which it provided notice.

**Background**

On March 23, 2021, the United States provided a notice of intent to introduce character evidence. The notice provides that the United States offers this evidence to prove "his motive, intent preparation, plan, knowledge, identity, absence of mistake, and lack of accident" related to the charges. This Motion addresses and specifically objects to the following categories of evidence set forth in the United States' notice (quotes are from the 404 notices themselves) and will address each category in this Motion in the following order:

1. **Category 1**

   That the Defendant entered a consent Order with FINRA and the underlying circumstances.

2. **Category 2**

Defendant's pattern of retaliation.

3. **Category 3**

   Bank and Seabolt sold additional fraudulent investments

4. **Category 4**

   Bank and Seabolt attempted to sell investments in a trailer park.

5. **Category 5**

   Bank and Raeanne Gibson have an extra marital affair.

6. **Category 6**

   Seabolt claimed involvement with DSPF Group.

7. **Category 7**

   Bank settled with the SEC

8. **Category 8**

   The Court's Order confirming settlement.

9. **Category 9**

   Bank tried to void a mortgage.

10. **Category 10**

    Bank stole a hard drive.

## LAW AND ARGUMENT

Rule 404(b) of the Federal Rules of Criminal Procedure provides the general rule that character evidence is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except when offered "for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." The Fourth Circuit has consistently gone beyond the language of the Rule to hold that such evidence must further be 1) relevant to an issue other than character, 2) necessary, and 3) reliable.

See United States v. Bell, 901 F.3d 455, 464-66 (4th Cir. 2018); See also *See* United States v. Hall, 858 F.3d 254, 260 (4th Cir. 2017), *as amended* (June 21, 2017). In an effort to further clarify the limitations on character evidence, the Fourth Circuit established a four-part test to evaluate admissibility. The Court must consider whether the government has proven these four elements:

> (1) The evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant. In this regard, the more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes. (2) The act must be necessary in the sense that it is probative of an essential claim or an element of the offense. (3) The evidence must be reliable. And (4) the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process.

United States v. Queen, 132 F.3d 991, 997 (4th Cir. 1997); see also Hall, 858 F.3d at 266. The Fourth Circuit has noted that "the general inadmissibility of such evidence is based on the danger that this type of evidence will overly influence the finders of fact and thereby persuade them to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge." United States v. McBride, 676 F.3d 385, 395 (4th Cir. 2012) (internal quotation marks omitted).

For each of the categories set forth below, Defendant objects generally as the evidence is inadmissible because the United States has failed to identify the purpose under Rule 404(b) for which the evidence is offered. The court in Hall clearly delineates that the 404(b) notice must "explain each proper purpose for which it [seeks] to introduce the evidence, to support those purposes with propensity-free chains of inferences demonstrating relevance, and establishing that the prior convictions were necessary, reliable, and not unduly prejudicial." Hall, 858 F.3d at 284-85. The notice fails entirely to do anything than vaguely assure the defendant that this inflammatory character evidence is offered for a valid other purpose and does not specifically

detail each category. Other than the government's blanket statement that the evidence is offered for a valid reason, no link is made between this uncharged alleged conduct and the allegations in the indictment. For the United States to claim that this highly prejudicial, entirely character evidence is somehow linked to his motive, plan, or lack of mistake for the scheme alleged in the indictment is an exaggeration at best.

**Category 1**

Evidence of Defendant's prior FINRA Order from August 1995 (as provided in the United States' 404(b) notice) or from April 1996 (as set forth in the superseding indictment) is admissible. While the Defendant concedes that he did enter into an Order, the Fourth Circuit has a long history of scrutinizing the admissibility of prior acts such as this one. While the fact that an order was entered is admissible, the underlying facts, findings and conclusions are not.
All that is relevant to the government's case is the fact of the FINRA order and its prohibitions. To add the underlying facts, conclusions and opinions add nothing to the case since the "victims" did not even know he had been barred. So anything further is highly prejudicial and barred by the rule.

**Category 2**

Evidence that the Defendant allegedly threatened a former employee and evidence that he retaliated against individuals by filing civil lawsuits is further inadmissible because it is not relevant to the charges alleged. To the contrary, these subjects are offered entirely to "establish the general character of the defendant" as the court specifically warns against in Queen. This is a fraud case, and evidence of his personal relationships, his alleged threats of one employee, or his filing of suits are not specifically relevant to the indictment. Assuming the evidence is reliable, which Defendant does not concede, the second and fourth factors in Queen likewise are not satisfied by this evidence; there is no indication that this negative character evidence is

"probative of an essential claim or an element of the offense." Queen at 997. The charges cited in the notice certainly do not require essential evidence of Defendant's personal character.

Finally, and importantly, the court must engage in a balancing test between the probative value and the unfair prejudice this evidence presents. The Fourth Circuit has cautioned that "the general inadmissibility of such evidence is based on the danger that this type of evidence will overly influence the finders of fact and thereby persuade them to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge." United States v. McBride, 676 F.3d 385, 395 (4th Cir. 2012) (internal quotation marks omitted); see also Michelson v. United States, 335 U.S. 469, 475-476 (1948) (footnote omitted). There is significant risk of prejudice in a case where the government purports to have multiple witnesses to prove the allegations it set forth in the indictment. The United States, based on its 404(b) notice, intends to use multiple categories of character evidence to persuade a jury that the Defendant acted in accordance with these prior "bad acts," which is exactly what the entire body of caselaw cautions against. The general exclusion body of caselaw is rooted in the "revered and longstanding policy that, under our system of justice, an accused is tried for *what* he did, not *who* he is." United States v. Caldwell, 760 F.3d 267, 276 (3d Cir. 2014).

### Category 3

The United States advises that it intends to introduce evidence the Defendant sold other fraudulent investments. Ignoring for a moment the other evidentiary issues that could be raised at trial, the presentation of this as character evidence in no way meets the Fourth Circuit's ruling in Queen. First, it is clearly evidence of another crime and not relevant to an element of the offenses with which Defendant is charged.

In the words of the Fourth Circuit in Hall, when it investigated the Advisory Committee's very purpose for enacting the limitations in Rule 404, this information will "distract the trier of

fact from the main question of what actually happened." Hall, 868 F.3d at 270. This will result in a trial within a trial. The defendant has no opportunity to subpoena evidence, to subpoena witnesses, or to mount any type of defense to these allegations.

In addition, early on, (see EFC No. 173), the Defendant sought subpoena duces tecums from various entities including Collins Asset Group. The government objected to these requests and the court sustained the objections. It would be patently unfair to proceed to introduce evidence against him, when the government prevented him from obtaining favorable evidence earlier from the same entity.

**Category 4**

The government seeks to introduce evidence that the Defendants tried to sell investments in a trailer park. By introducing this evidence that the Defendant supposedly failed to satisfy civil standards, the United States intends to do exactly what the Rule prohibits: argue that because the Defendant committed some uncharged, civil wrong, he acted in accordance with that behavior in this case and is therefore guilty of criminal offenses. The United States has vaguely noticed the Defendant that they intend to introduce character evidence of these environmental law infractions without more specific detail of how this relates to the indictment or satisfies the four-part test.

While the United States could try to argue that evidence of Defendant's lack of environmental concerns or reports about the trailer parks relate to the allegations in this indictment, relevance is not the controlling issue or the focus of courts' concerns about presentation of this type of prejudicial evidence. Following the four-part test in Queen, this character evidence fails to meet the standards set forth by the Fourth Circuit to ensure that the defendant receives a fair trial free from prejudice.

First, the evidence is not essential. Based upon discovery material received and a review of the government's witness list, the prosecution intends to present voluminous evidence that comes directly from multiple victims' charts, bank records, emails and at least two expert witnesses. The fact that the defendant did not address environmental concerns is not in any way necessary to the government's case.

Assuming *in arguendo* that the evidence is reliable, despite the significant age of the information and civil investigation, the government cannot satisfy the crucial fourth factor in the Queen test. A balancing test of the probative value against the virtually guaranteed prejudice of this information yields a result in Defendant's favor. As the Court is well aware, the difference between civil causes of action and licensing proceedings, are vastly different from the level of proof required for criminal convictions. However, jurors may not be familiar enough with these variations to separate out the information. For the United States to confuse a jury with the environmental language known to lawyers from civil experience is a risky endeavor. The issue is not whether the defendant failed to keep the trailer park up to snuff – the issue is whether he committed criminal offenses beginning in 2010 and continuing until his arrest in 2019. It is essential that the Court honor the "revered and longstanding policy that, under our system of justice, an accused is tried for *what* he did, not *who* he is." Caldwell, 760 F.3d 267, 276.

**Category 5**

Any evidence that the defendant engaged in any extramarital affair is inadmissible pursuant to Rule 404. The United States provided no details whatsoever about how this information relates to his "motive, intent, preparation, plan, knowledge,

identity, absence of mistake, and lack of accident," and provided no link of any kind between this inflammatory information and the facts alleged in the indictment. This is a clear example of what the Rule attempts to avoid: accusation of a character trait based on unadjudicated "bad" acts and then a conclusion that the accused acted in accordance with that character trait.

First, this information (if true) is not "relevant to an issue, such as an element of an offense" according to the Queen factors. It is worth noting that Defendant is not charged with any crime against Ms. Gibson, nor is he charged with any offenses related to his role as a husband or father.. There is no relevant link between his alleged affair and the fraud he allegedly committed. Second, this information is not "necessary" as an element of the offense for wire fraud or mail fraud. The indictment alleges absolutely nothing about sexual conduct as a part of the fraud or scheme, and none of the offenses require it as an element.

Assuming *in arguendo* that the government would present reliable witnesses to make this serious reported claim of extra-marital affairs, the fourth factor in the Queen test is extremely important for this category of evidence. The probative value of the Defendant's alleged sexual activity is far overcome by the prejudice of allowing this character evidence to be presented to the jury. In fact, to claim that a criminal defendant cheated on his wife in multiple aspects of his life both related and unrelated to the allegations before the jury might be the ultimate example of undue prejudice in the balancing test required by the Fourth Circuit. "Unfair prejudice "speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged.'" Old Chief v. United States, 519 U.S. 172, 180, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997); see also U.S. v. Basham, 561 F.3d 302 (4th Cir. 2009)

**Category 6**

**Category 7**

Bank entered an Agreement with the S.E.C.

As noted above, the fact of the agreement and it's underlying facts are not relevant. The S.E.C.'s investigation and orders focused on the Janus Spectrum investments. The same evidentiary matter that will be before the jury for its consideration. To allow the jury to hear and consider that a governmental adjudicating body has found the evidence, the same evidence, that they will hear, to be sufficient to enter a finding in essence usurps the function of the trial. It is highly prejudicial and no limiting instruction can ever cure that.

**Category 8**

The Federal Court's Order.

The same rationale as noted above in Category 7 applies here as well. And indeed, the concerns are even greater because a Federal Court, or Federal Judge has found the evidence to be sufficient.

**Category 9**

Banks tried to avoid paying his mortgage.

The "evidence" is speculative, based on supposition and opinion and has zero probative value let alone any relevance. To surmise that the intent behind any acts was to "get out" of paying a mortgage is reading the minds of the defendant and his wife.

To offer it as probative of a fact in issue or any element of the offense is without merit. There can be no reason to introduce it other than to attack the character of the Defendant as noted above.

**Category 10**

Bank stole a hard drive

There is no offer of proof as to how this is relevant. It will be a sideshow, of he said/she said confrontations. It will devalue into a discussion of the personal lives of these two people and necessitate a trial within a trial, which will distract the jury from its task.

**WHEREFORE**, for the reasons detailed herein, Defendant respectfully requests that this Honorable Court enter an order prohibiting testimony during the United States' case in chief with respect to the categories of evidence argued in this motion. Defendant reserves his right to object to the admissibility of this evidence on grounds other than Federal Rules of Evidence 403, 404, and 609 at trial.

Respectfully submitted,

DARYL G. BANK

_____\s_____
James O. Broccoletti, Esquire
VSB# 17869
ZOBY, BROCCOLETTI & NORMILE P.C.
6663 Stoney Point South
Norfolk, VA 23502
(757) 466-0750
(757) 466-5026
james@zobybroccoletti.com

## CERTIFICATE OF SERVICE

I certify that on the 25th day of March, 2021, the foregoing Motion in Limine and Memorandum in Support was filed electronically with the Clerk of Court using the CM/ECF system, which will automatically send a notification of filing (NEF) to the following:

Elizabeth M. Yusi, Esq.
Melissa O'Boyle, Esq.
Andrew Bosse, Esq.
Attorneys for the United States of America
101 West Main Street, Suite 8000
Norfolk, VA  23510
Tel:  (757) 441-6331
Fax: (757) 441-6689

elizabeth.yusi@usdoj.gov
Melissa.oboyle.usdoj.gov
Andrew.bosse@usdoj.gov

                                  Respectfully submitted,
                                  DARYL G. BANK

                                  By:_____/s/_____
                                  James O. Broccoletti, Esquire
                                  VSB# 17869
                                  ZOBY, BROCCOLETTI & NORMILE P.C.
                                  6663 Stoney Point South
                                  Norfolk, VA 23502
                                  (757) 466-0750
                                  (757) 466-5026
                                  james@zobybroccoletti.com