

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA,

v.  CASE NO. 2:17-cr-126(1)

DARYL G. BANK,

Defendant.

## MEMORANDUM OPINION AND ORDER

Before the Court is the United States of America's (the "Government") Motion to Dismiss Kyle J. Gellis' Petition to Adjudicate Third-Party Interest in Forfeited Property Listed in Second Order of Forfeiture ("Petition"), ECF No. 516, pursuant to 21 U.S.C. § 853(n) and Federal Rule of Criminal Procedure 32(c)(1)(A) ("Motion"). ECF No. 519. For the reasons stated below, the Government's Motion is **GRANTED**.

### I. FACTUAL AND PROCEDURAL HISTORY

On April 30, 2021, after a jury trial, Daryl Bank ("Defendant") was found guilty on twenty-seven counts related to mail and wire fraud, the sale of unregistered securities, and money laundering, among other offenses. On September 20, 2021, the Court entered a Preliminary Order of Forfeiture, imposing a forfeiture money judgment in the amount of $4,706,425.83 and ordering the forfeiture of certain real and personal property that constitutes proceeds of the offenses for which Defendant was convicted. ECF No. 469. On July 11, 2022, the Court issued a Second Order of Forfeiture, specifying twelve additional assets (the "Subject Property") subject to criminal forfeiture after finding those assets to be proceeds of Defendant's fraud. ECF No. 515.

On September 25, 2020, Mr. Gellis filed a civil action against Defendant in Florida state court, alleging fraud and breach of fiduciary duty claims against Defendant. *See* ECF No. 516. On February 24, 2021, the Florida court entered a final judgment in favor of Mr. Gellis in the amount of $431,607.38. *Id.* at Ex. 2. On August 9, 2021, a Judgment Lien Certificate was recorded in the State of Florida reflecting the state court's judgment. *Id.* at Ex. 3. On February 17, 2022, Mr. Gellis received a writ of execution to execute on property or assets of Defendant in satisfaction of the final judgment amount. *Id.* at Ex. 4.

Relevant to the instant Motion, on August 9, 2022, Mr. Gellis timely filed his Petition for a criminal ancillary proceeding pursuant to 21 U.S.C. § 853(n), claiming an interest in the Subject Property based on his unsatisfied Florida civil judgment. ECF No. 516. On August 30, 2022, the United States moved to dismiss Mr. Gellis' Petition. ECF No. 519. On September 13, 2022, Mr. Gellis responded, ECF No. 520, and on September 16, 2022, the Government replied. ECF No. 521.

## II.   LEGAL STANDARD

Under 21 U.S.C. § 853(n), a third-party may "petition the court for a hearing to adjudicate the validity of [his] alleged interest in [criminally forfeited] property." 21 U.S.C. § 853(n)(2). "[T]he function of ancillary forfeiture proceedings is to resolve third-party claims of ownership." *United States v. Cox*, 575 F.3d 352, 358 (4th Cir.2009). The burden is on the third-party to establish his superior legal interest in the property by a preponderance of the evidence. *See* 21 U.S.C. § 853(n)(6). Thus, a third-party petition must set forth the legal basis and all grounds for the third-party's claimed interest in the property. *Id.* § 853(n)(3).

Federal Rule of Criminal Procedure 32.2(c) describes the procedures governing ancillary proceedings under § 853(n). A court may dismiss a petition regarding forfeited property "for

failure to state a claim, or for any other lawful reason." Fed. R. Crim. P. 32(c)(1)(A). Pursuant to Federal Rule of Criminal Procedure 32.2(c)(1)(A), in considering a motion to dismiss a third-party's petition, district courts should treat the petition like a motion to dismiss a civil complaint under Federal Rule of Civil Procedure 12(b). Therefore, to survive a motion to dismiss, the third-party petition need not contain "detailed factual allegations" but must incorporate "enough facts to state a belief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).

### III. DISCUSSION

Mr. Gellis asserts a third-party interest in the Subject Property identified in the Court's Second Order of Forfeiture based on his (a) unsatisfied Final Judgment against Defendant; (b) judgment lien certificate; and (c) writ of execution in the Florida lawsuit. ECF No. 520 at ¶ 16. Furthermore, Mr. Gellis claims that his third-party interest in the Subject Property "should be considered superior to those of [Defendant] and others because Mr. Gellis is the only person with a Final Judgment, Judgment Lien Certificate and Writ of Execution against Mr. Bank specifically related to the funds used (at least in part) to acquire the Subject Property." *Id.* at ¶ 20. The Court disagrees. In reviewing Mr. Gellis' Petition, taking the facts alleged as true, Mr. Gellis' Petition neither complies with the pleading requirements set forth in 21 U.S.C. § 853(n)(3) nor states a claim upon which relief may be granted.

21 U.S.C. § 853(n)(6) requires a third-party who asserts an interest in forfeited property to state whether (A) the third party's interest in the forfeited property was superior to the defendant's interest at the time the defendant committed the acts that gave rise to the criminal forfeiture or (B) the third party was a bona fide purchaser of the forfeited property for value. Therefore, Mr. Gellis' Petition does not comply with the pleading requirements outlined in §

3

853(n) because the Petition does not state whether Mr. Gellis is claiming a superior interest pursuant to § 853(n)(6)(A) or (B). *See United States v. Salkey*, 2016 WL 3766308, *1 (E.D. Va. July 11, 2016). Notwithstanding the above, Mr. Gellis fails to meet the statutory standard for relief under § 863(n)(6) because he cannot establish that he possesses a superior legal right, title, or interest in the Subject Property under either theory of recovery.

The Government argues that Mr. Gellis does not have an interest in the Subject Property under in 21 U.S.C. § 853(n)(6)(A) because the "relation back" doctrine, *see* 21 U.S.C. § 853(c), vests all forfeited property "in the United States upon the commission of the act giving rise to forfeiture." Therefore, a third-party only retains legal title of property subject to forfeiture if he acquired his interest in the property at issue before the commission of the offense. *United States v. Allmendinger*, 2021 WL 966615, *2 (E.D. VA. Mar. 21, 2012); *See United States v. McHan*, 345 F.3d 262, 271 (4th Cir. 2003) (holding that the relation back doctrine applies to traceable proceeds and vests title in the United States on the date of the offense). The Court agrees. By operation of the "relation back" doctrine, the Subject Property, which was acquired between April 2012 and January 2014, vested in the United States at the time of Defendant's criminal acts that gave rise to forfeiture. Viewing the facts alleged in the Petition as true, Defendant's most relevant fraudulent conduct occurred in January 2014, at the latest, seven (7) years before Mr. Gellis obtained an interest in the Subject Project in August 2021 through his judgment lien certification and writ of execution.

In addition, the facts alleged in the Petition do not demonstrate that Mr. Gellis qualifies for relief as a bona fide purchaser for value, as outlined in 21 U.S.C. § 853(n)(6)(B). To qualify as a bona fide purchaser for value, pursuant to § 853(n)(6)(B), a third-party must establish that he: (1) "has a legal interest in the forfeited property; (2) the interest was acquired as a bona fide

4

purchaser for value; and (3) the interest was acquired at a time when the claimant was reasonably without cause to believe that the property was subject to forfeiture." *Allmendinger*, 2012 WL 966615 at *2. Mr. Gellis does not allege that he provided anything of value in exchange for his interest in the Subject Property, and the judgment lien does not make him a bona fide purchaser as required by the statute. Moreover, Mr. Gellis' state court judgment and writ execution do not establish his third-party interest, as outlined in § 853(n)(6)(A) or (B).

Even taken as true, the facts alleged in the Petition fail to establish that Mr. Gellis had a valid, priority interest over the Subject Property at the time of Defendant's criminal offenses or was a bona fide purchaser of value of the Subject Property. Accordingly, the Court finds that Mr. Gellis fails to state a claim upon which relief may be granted. *See* Fed. R. Crim. P. 32.2(c)(1)(A).

## IV. CONCLUSION

For the reasons stated above, the Government's motion to dismiss, ECF No. 518, is **GRANTED**. Mr. Gellis' Petition, ECF No. 516, is **DISMISSED with prejudice.**

The Court **DIRECTS** the Clerk to provide a copy of this Order to all parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
December 6, 2022

Raymond A. Jackson
United States District Judge